**Irene LUCERO, Plaintiff,**

v.

**Thomas W. DONOVAN, J. Carnover, Delia Florez Buczek, Madeline Cobb, Robert Conrad and Richard Wells, Defendants.**

**No. 776-61.**

United States District Court
C. D. California.
Aug. 22, 1966.

Hillel Chodos, Beverly Hills, Cal., for plaintiff.

Roger Arnebergh, City Atty., John A. Daly, Assistant City Atty., by Nowland C. Hong, Deputy City Atty., Los Angeles, Cal., for defendants.

HAUK, District Judge.

This case, initiated in 1961, has a protracted history, having gone to judgment for the defendants twice in the District Court, each time to be appealed, reversed by the Court of Appeals and remanded.

Originally the matter came before the Honorable Leon R. Yankwich, District Judge, who rendered a judgment for defendants against plaintiff, but upon appeal this judgment was reversed and the cause remanded to the District Court for further consideration in the light of the decision of the Court of Appeals, Ninth Circuit, in Cohen v. Norris, 300 F.2d 24 (C.A.9th 1962), which held that in order to state a claim for relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983,[1] it is sufficient if the complaint alleges facts which show that the defendant: "(1) while acting under color of any statute, ordinance, regulation, custom or usage of any state or territory; (2) subjects, or causes to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States." 300 F.2d 24 at 30.

If a claim is properly stated under 42 U.S.C. § 1983 then the District Court has jurisdiction under 28 U.S.C. § 1331(a), the Federal question jurisdiction; under § 1343(3) which gives District Courts original jurisdiction of any civil action authorized by law to redress the deprivation, under color of any state law, statute, ordinance regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States; and under § 1343(4) which also gives District Courts original jurisdiction of any civil action to recover damages under any act of Congress pro-

[1] "§ 1983. *Civil action for deprivation of rights.*

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

viding for the protection of civil rights. Cohen v. Norris, 300 F.2d 24, 26 (C.A. 9th 1962); Monroe v. Pape, 365 U.S. 167, 169, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960).

Upon remand the matter came on for a second and jury trial in the court of District Judge E. Avery Crary, who, after receiving the answers of the jury to two special interrogatories, directed a verdict for the defendant officers against plaintiff and entered judgment thereon.

In the second appeal, the Court of Appeals, Circuit Judge Walter Ely writing the opinion, reviewed the evidence in great detail and concluded that each and all of the four issues—the search of the apartment, the seizure of the pills, the arrest of plaintiff at the apartment, and the search of plaintiff's clothing, person and body at the police headquarters—were matters which should have been submitted to the jury for its verdict. Lucero v. Donovan, 354 F.2d 16, 20–22 (C.A.9th 1965).

In reversing and remanding the matter, Judge Ely gave a detailed and comprehensive review of the facts and set clear guidelines for determining the issues, and in effect wrote the law of the case.

Now after this third and non-jury trial of six days' duration, the Court in following the Ninth Circuit guidelines makes its decision, findings of fact, conclusions of law and judgment in favor of the plaintiff and against the defendant Robert Conrad only [2] for damages in the sum of $5,000, holding that the other defendants, one police officer and two policewomen, had acted lawfully, reasonably and in the best traditions of law enforcement, and had not in any way violated or deprived plaintiff of her civil or constitutional rights protected by the Federal Civil Rights Acts and the United States Constitution.[3]

## FINDINGS OF FACT

### I

Plaintiff is, and at all times pertinent to this action, has been a citizen of the United States.

### II

Each of the defendants is, and at all times pertinent to this action has been, a police officer of the City of Los Angeles, and was acting under color of authority of the laws of the State of California.

### III

On October 4, 1960, defendant was in her apartment at 1321 Fedora St., in the City of Los Angeles, when the defendant Conrad and another police officer entered the said apartment, searched it, and placed plaintiff under arrest for possession of narcotics.

### IV

Neither the defendant Conrad nor the other police officer ever had any warrant to enter plaintiff's apartment or search the same, nor did either of them have any warrant to arrest plaintiff.

### V

The Court finds that the defendants did not carry their burden of establishing that the entry into and search of plaintiff's apartment or her arrest, were based either upon probable cause, or upon consent by plaintiff. The Court further expressly finds that plaintiff's right of privacy was not waived by any acts or conduct of her brother, Frank Lucero, because the said Frank Lucero did not give any free or voluntary consent to the police officers to search plaintiff's apartment; and even if he had, such consent would not be effective to waive plaintiff's rights of privacy.

---

2. At the time of the third trial this defendant was no longer in the service of the Los Angeles Police Department.

3. It should be noted that defendant Thomas W. Donovan was dismissed from the case at the first trial, because of mistaken identity. He was, therefore, not before the court.

## VI

Defendant Conrad used unreasonable force in effecting the arrest and restraint of plaintiff at her apartment, and the the search of plaintiff's apartment and her arrest were conducted in an unreasonsonable manner.

## VII

In the course of the arrest and restraint of plaintiff, she was manacled in the presence of her children, and received injuries to her left wrist.

## VIII

After being arrested by the defendant Conrad, plaintiff was taken to police headquarters, then to Lincoln Heights Receiving Hospital, then to the Lincoln Heights Jail. At these locations, plaintiff was interrogated, and subsequently booked and photographed. At the jail, she was subjected to a search of her person and visual search of her private parts, which search was conducted by the defendants Buczek and Cobb, and assisted by Wells, Conrad and the other police officer who had accompanied Conrad at the time of the search of plaintiff's apartment and her arrest.

## IX

The events above described caused plaintiff great humiliation, embarrassment, and mental suffering; and will, in the future, continue to cause her such humiliation, embarrassment and mental suffering.

## X

All of the events which followed plaintiff's arrest at her apartment were proximately caused by the acts of the defendant Conrad in unlawfully searching plaintiff's apartment, and in unlawfully placing her under arrest.

## XI

The Court expressly finds that the acts of the defendants Wells, Buczek and Cobb were not unlawful, or unreasonably done; and on the contrary, finds that the conduct of the said defendants was lawful, reasonable, and carried out in the best traditions of law enforcement. The Court finds, nevertheless, that the lawful conduct of the said defendants Wells, Buczek and Cobb caused plaintiff humiliation, embarrassment and mental anguish, and will in the future continue to do so as a consequence of the original unlawful search and arrest by defendant Conrad.

## XII

The amount which will compensate plaintiff for the damages sustained by her as a proximate result of the conduct of the defendant Conrad is $5,000.00.

## XIII

Neither the defendant Conrad, nor any of the other defendants, acted maliciously or oppressively.

## CONCLUSIONS OF LAW

### I

All findings of fact which are actually conclusions of law are hereby incorporated and made a part of these conclusions of law.

### II

This Court has jurisdiction of the cause pursuant to the provisions of 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

### III

The conduct of the defendant Conrad was done under color of state law, and constituted a deprivation of plaintiff's civil rights as guaranteed to her by the Constitution and laws of the United States.

### IV

Plaintiff is entitled to compensatory damages against the defendant Conrad in the sum of $5,000.00.

### V

The defendants Wells, Buczek and Cobb are entitled to a judgment in their favor.

### VI

Plaintiff is not entitled to exemplary damages from any of the defendants.

## VII

Plaintiff is entitled to recover her costs from the defendant Conrad, but each of the prevailing defendants should bear his own cost herein.